IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOE E. HINES,

    Plaintiff,

v.                                                           Civil Action No. 1:08CV144
                                                                                          (STAMP)

NORTHERN WEST VIRGINIA OPERATIONS,
CONSOL ENERGY, INC.,
CONSOLIDATION COAL COMPANY,
LOVERIDGE MINE #22, BRENT McCLAIN,
PAM COFFMAN, HELEN BLEVINS and
LYNN E. WAGNER,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANTS' CONSOL ENERGY, INC.,
CONSOLIDATION COAL COMPANY,
BRENT McCLAIN, PAM COFFMAN AND
HELEN BLEVINS MOTION TO DISMISS AND
DEFERRING RULING ON PLAINTIFF'S
REQUEST FOR JURY DEMAND**

I.   Procedural History

The pro se[1] plaintiff, Joe E. Hines ("Hines"), commenced this civil action in the Circuit Court of Harrison County, West Virginia. The defendants Consol Energy, Inc., Consolidation Coal Company, Brent McClain, Pam Coffman, and Helen Blevins ("Consol defendants") removed the case to federal court. The Consol defendants then filed a motion to dismiss to which the plaintiff filed a response. The Consol defendants did not file a reply. Also before this Court is the plaintiff's fully-briefed request for

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

a jury demand. For the reasons set forth below, the Consol defendants' motion to dismiss is granted in part and denied in part, and a ruling on the plaintiff's request for a jury demand is deferred.

## II. Facts[2]

In his complaint, the plaintiff states that he is filing a lawsuit against the defendants for "civil rights violation, violation of H.I.P.P.A., [and] discrimination in discharge." (Pl.'s Compl. 1, July 16, 2008.) Specifically, the plaintiff contends that "[a]rbitration wasn't recorded, this resulted in a denial of transcript of hearing, which also resulted in numerous errors in the arbitrators [sic] decision. A lot of his statement were misinterpreted." Id. As relief, the plaintiff is requesting back pay, "monetary award for various reasons including mental and financial distress," his pension, medical expenses, and punitive damages. Id.

## III. Applicable Law

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp., 910 F.2d 139, 143 (4th Cir. 1990). Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the

---

[2]In accordance with the applicable standard of review, stated below, this Court will accept, for the purposes of deciding this motion, the factual allegations contained in the complaint as true.

2

plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" Id. at 143-44 (quoting Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969)); see also Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case. 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356, at 298. For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A dismissal under Rule 12(b)(6) is granted only in cases in which the allegations raised in the complaint clearly demonstrate that plaintiff does not have a claim and that no set of facts would support plaintiff's claim. 5A Wright & Miller, supra § 1357, at 344-45.

IV. Discussion

A. Motion to Dismiss

The Consol defendants make several arguments in support of their motion to dismiss, particularly that: (1) the plaintiff's state law claims can only be resolved by interpreting the National Bituminous Coal Wage Agreement ("collective bargaining agreement"), and are therefore preempted by § 301 of the Labor Management Relations Act ("LMRA"); (2) the plaintiff's claim for punitive damages is not recoverable under § 301 of the LMRA; and (3) the plaintiff has failed to name the union, an indispensable party, in this action. This Court will discuss each of the Consol defendants' arguments in turn.

1. Preemption Pursuant to Section 301 of LMRA

Section 301 of the LMRA authorizes federal courts to hear suits for violations of contracts between an employer and a labor organization or between labor organizations. 29 U.S.C. § 185(a). This section also directs the federal courts to fashion a body of federal common law resolving labor disputes and preempts any claims under state law which require the interpretation of a collective bargaining agreement. See Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399, 413 (1988). However, "not every dispute concerning employment or tangentially involving a provision of a collective-bargaining agreement, is preempted by § 301 or other provisions of the federal labor law." Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 211 (1985). Only if a state law claim is

"inextricably intertwined with consideration of the terms of the labor contract" is the claim preempted. Id. at 213. "[W]hen the meaning of contract terms is not the subject of dispute, the bare fact that a collective-bargaining agreement will be consulted in the course of state-law litigation plainly does not require the claim to be extinguished." Livadas v. Bradshaw, 512 U.S. 107, 124 (1994).

This Court finds that resolution of the plaintiff's claims will require interpretation of the parties' collective bargaining agreement. The plaintiff has essentially claimed a discriminatory discharge in violation of the collective bargaining agreement. As did the arbitrator in its June 16, 2008 decision, this Court will likely have to interpret Article XXII(i)(4) of the collective bargaining agreement to resolve the plaintiff's complaint.[3] Accordingly, because the resolution of the plaintiff's claims requires interpretation of the collective bargaining agreement, the state law claims are preempted by § 301 of the LMRA, and therefore, dismissed.

This Court must clarify, however, that preemption of the plaintiff's state law claims warrants only a dismissal of the <u>state law claims</u> and not a dismissal of the entire action. A preempted state law claim will proceed under § 301 of the LMRA and remain in

---

[3] Article XXII(i)(4) of the collective bargaining agreement states, in pertinent part, the following: "When an Employee absents himself from his work for a period of two (2) consecutive days without the consent of the Employer, other than because of proven sickness, he may be discharged."

5

federal court. Childers v. Chesapeake & Potomac Tel. Co., 881 F.2d 1259, 1262 (4th Cir. 1989).

In this case, the Consol defendants have not argued that the plaintiff has failed to state a cause of action justifying a dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Rather, the Consol defendants only argument is that the plaintiff's claims are preempted by § 301 of the LMRA. Because this Court agrees with the Consol defendants that the plaintiff's claims are preempted by § 301 of the LMRA, the plaintiff's state law claims are thus dismissed, and this action now proceeds under § 301 of the LMRA within the proper jurisdiction of this Court. To the extent, if any, that the Consol defendants seek a dismissal of this entire action based upon § 301 preemption, their motion to dismiss is denied.

2. Punitive Damages

In that the plaintiff's claims are preempted, the Consol defendants argue that, in general, an employee is barred from recovering punitive damages against an employer for violations under § 301 of the LMRA. This Court agrees.

"The general rule . . . is that punitive damages are not allowed in actions for breach of contract brought under section 301." Moore v. Int'l Brotherhood of Elec. Workers, 989 F.2d 1534, 1542 (9th Cir. 1993). See also Williams v. Pacific Maritime Ass'n, 421 F.2d 1287, 1289 (9th Cir. 1970) (same). This is because "[i]t is the general policy of the federal labor laws, to which the

federal courts are to look for guidance in Section 301 actions, to supply remedies rather than punishments." <u>Local 127, United Show Workers of America. v. Brooks Shoe Mfg. Co.</u>, 298 F.2d 277, 284 (3d Cir. 1962) (Biggs, J., concurring).

Accordingly, to the extent that the plaintiff seeks punitive damages, such recovery is barred by § 301 of the LMRA, and the Consol defendants' motion to dismiss the plaintiff's claim for punitive damages is granted.

    3.   <u>Union as Indispensable Party</u>

The Consol defendants contend that because the plaintiff is seeking judicial review of an arbitration award, and because the Union prosecuted the plaintiff's grievance in those arbitration proceedings, the Union is an indispensable party to this civil action. Consequently, therefore, the Consol defendants argue that this Court cannot properly proceed without joinder of the Union.

This Court holds that the Union is not an indispensable party in this civil action. In <u>Kaiser v. Local No. 83</u>, 577 F.2d 642, 644 (9th Cir. 1978), a leading case on this issue, the plaintiff brought suit against his employer, alleging that the employer discharged him in violation of the provisions of the collective bargaining agreement. In that case, the court held that

> [n]either an employer nor a union is an indispensable party in an action against the other by an employee-union member when the action against the employer is based on a violation of the terms of the collective bargaining agreement and the action against the union is based on the statutory duty of fair representation.

Courts have reached similar holdings in several other cases. See e.g. Harris v. Chemical Leaman Tank Lines, Inc., 437 F.2d 167, 170 (5th Cir. 1977) ("The unions are not indispensable parties in a suit by an employee against the employer but may be sued separately for an alleged breach of duty."); Diaz v. Schwerman Trucking Co., 709 F.2d 1371, 1375 (11th Cir. 1983) ("This action is . . . an action by the employees against their employer for back pay. In such a suit, the Union cannot be considered an indispensable party. For without joining the Union, the employees can nonetheless be accorded the relief they seek from [the employer], with no Union interest impaired, and without forcing [the employer] to face the risk of inconsistent obligations."); Holder v. Pet Bakery Div., I.C. Indus., Inc., 558 F. Supp. 287, 290 (N.D. Ga. 1982) ("Under these standards, the union need not be joined. The action involves a breach of contract, while a claim against the union involves breach of a statutory duty.").

This Court finds that the Union is not an indispensable party under Rule 19 of the Federal Rules of Civil Procedure. Although the Union prosecuted the plaintiff's grievance in the arbitration proceedings, the Consol defendants have failed to show how complete relief cannot be accorded among the parties in the absence of joinder. The plaintiff claims that he is bringing suit against the defendants "based upon several violations the company (management) committed against me," including "[a] discriminatory discharge which wasn't normal company procedure." (Pl.'s Reply to Mot.

Dismiss 1, Oct. 31, 2008.) Thus, the plaintiff can be afforded relief without impairing the Union's interest or forcing the employer to face inconsistent obligations. Accordingly, the Consol defendants' motion to dismiss based upon the plaintiff's failure to name the Union as an indispensable party is denied.

B.  Request for Jury Demand

The plaintiff's request for a jury trial in this case has taken an unusual procedural route. Despite the plaintiff's indication to this Court that he had demanded a jury trial in his complaint, the only request for a jury trial appeared in the civil cover sheet in state court entered prior to the removal to this Court. This Court does not treat such notice as a jury demand. See Wall v. Nat'l R.R. Passenger Corp., 718 F.2d 906, 909 (9th Cir. 1983) (collecting cases) (holding that when a party only checks the "jury demand" box on the civil cover sheet, it is insufficient compliance with the requirements of a jury demand under Federal Rule of Civil Procedure 38). This Court, therefore, notified the parties through the scheduling order that it would consider a jury demand by a party if one was promptly made, and if the Court found that the demand was proper.

Thereafter, the plaintiff filed a response to the scheduling order, which this Court treated as jury demand. The Consol defendants then filed a response to the plaintiff's request for a jury demand, stating that they do not oppose the jury demand because of procedural deficiencies, but rather, they oppose the

jury demand because this action includes no substantive right to a jury trial.  Particularly, the Consol defendants claim that the plaintiff is seeking the review of an arbitrator's award and that no substantive right for trial by jury exists when a party is seeking such a review.  The plaintiff urges this Court to uphold its jury demand.

At this time, this Court defers a ruling on the plaintiff's request for a jury demand.  As noted in Bugher v. Feightner, 772 F.2d 1356, 1357-58 (7th Cir. 1983), the LMRA "is silent on the issue of the right to jury trial and the legislative history is similarly unenlightening.  As a result, the Seventh Amendment issue has generally been resolved on a case-by-case basis through an analysis of the rights and remedies being asserted."  In a statutory action such as the one currently before this Court, the right to a jury trial depends upon whether "legal rights and remedies," Curtis v. Loether, 415 U.S. 189, 194 (1974), are to be resolved:

> Deciding whether legal rights are present depends, in turn, on a comparison of the statutory action with actions that existed at common law and in the courts of equity in 18th-century England.  The point of the comparison is to find the closest historical analog to the modern statutory action.  Deciding whether legal remedies are sought depends upon whether the remedy requested is legal or equitable in nature.

Brownlee v. Yellow Freight Sys., Inc., 921 F.2d 745, 747 (8th Cir. 1990) (internal citations omitted).  If the remedy is equitable in nature, there is no jury trial right.  Terry v. Chauffeurs, Teamsters & Helpers, Local 391, 863 F.2d 334, 339 (4th Cir. 1988).

"Where legal and equitable claims are joined in the same complaint, and where there are common issues of fact, the normal practice is to try both claims to a jury." Brownlee, 921 F.2d at 749.

Although the Seventh Amendment does guarantee jury trials in suits of common law, it does not guarantee trial by jury for judicial review of an arbitration award. Northwest Airlines, Inc. v. Air Line Pilots Ass'n, Int'l, 373 F.2d 136, 142 (8th Cir. 1967). See also Prescott v. Northlake Christian School, 141 F. App'x 263, 269 (5th Cir. 2005) (unpublished) (internal citations and quotations omitted) ("In the 18th century, an action to set aside an arbitration award was considered equitable.").

As asserted by the Consol defendants, the plaintiff would not be guaranteed a trial by jury if he is ultimately seeking to vacate the arbitrator's decision. Id. If the plaintiff's complaint, however, could be construed as a suit for compensatory damages, then it seems likely that he would retain his Seventh Amendment right to a jury trial. Brownlee, 921 F.2d at 747. Because the plaintiff is pro se, this Court has liberally construed the plaintiff's pleadings. See Haines v. Kerner, 404 U.S. 519 (1971) (holding pro se complaint to less stringent standards than formal pleadings drafted by lawyers). At this time, however, it is not clear to this Court whether the plaintiff is actually seeking to vacate the arbitrator's decision or enforce legal rights and remedies. Accordingly, this Court defers a decision concerning the plaintiff's request for a jury demand until further information is

provided, throughout these proceedings, as to the relief that the plaintiff is actually seeking in this civil action.

## V. Conclusion

For the reasons stated above, the defendants' motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is hereby GRANTED IN PART and DENIED IN PART. The defendants' motion to dismiss is hereby GRANTED to the extent that it seeks dismissal of the plaintiff's state law claims and his claim for punitive damages. The defendants' motion to dismiss is hereby DENIED to any extent that it seeks dismissal of the plaintiff's preempted federal law claims under § 301 of the LMRA or for failure to join the Union as an indispensable party. Furthermore, this Court DEFERS a ruling on the plaintiff's demand for a jury trial until more information concerning the relief that the plaintiff is seeking is obtained throughout the course of these proceedings.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:    January 26, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE