IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JOE E. HINES,

    Plaintiff,

v.                                        Civil Action No. 1:08CV144
                                                          (STAMP)

NORTHERN WEST VIRGINIA OPERATIONS,[1]
CONSOL ENERGY, INC.,
CONSOLIDATION COAL COMPANY,
LOVERIDGE MINE #22, BRENT McCLAIN,
PAM COFFMAN, HELEN BLEVINS and
LYNN E. WAGNER,

    Defendants.


**MEMORANDUM OPINION AND ORDER
DENYING AS MOOT PLAINTIFF'S RESPONSE TO
MEMORANDUM OPINION AND ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANTS [SIC] CONSOL ENERGY
INC. MOTION TO DISMISS AND DEFERRING RULING
ON PLAINTIFF'S REQUEST FOR JURY DEMAND,
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S
RESPONSE TO DEFENDANTS' MEMORANDUM OF LAW IN
SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT,
DENYING DEFENDANTS' MOTION FOR SANCTIONS AND
MOTION IN LIMINE TO PRECLUDE TESTIMONY,
GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
COMBINED MOTION TO DEFENDANTS [SIC] REPLY TO RESPONSE
TO MOTION FOR SUMMARY JUDGMENT FILED BY DEFENDANTS,
DENYING PLAINTIFF'S MOTION REQUESTING COURT TO
ORDER THE DEFENDANTS TO TESTIFY IN THE CASE,
ORDERING PROOF OF SERVICE ON LYNN E. WAGNER AND
CONVERTING PRETRIAL CONFERENCE INTO STATUS CONFERENCE**

---

    [1] The caption of the complaint names "Northern WV Operations" as a defendant in this case. Northern WV Operations is not an entity registered to do business in West Virginia. Further, the Consol defendants state that no such entity exists.

I. *Procedural History*

The pro se[2] plaintiff, Joe E. Hines ("Hines"), commenced this civil action in the Circuit Court of Harrison County, West Virginia. The defendants, Consol Energy, Inc., Consolidation Coal Company, Brent McClain, Pam Coffman, and Helen Blevins ("Consol defendants") removed the case to federal court. The Consol defendants filed a motion to dismiss, which this Court granted in part and denied in part[3] by memorandum opinion and order.[4] The Consol defendants have now filed a motion for summary judgment to which the plaintiff filed a response[5] and the defendants replied.

---

[2]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1237 (7th ed. 1999).

[3]The Consol defendants' motion to dismiss was granted to the extent that it sought dismissal of the plaintiff's state law claims, as well as his claim for punitive damages. The Consol defendants' motion to dismiss was denied to any extent that it sought dismissal of the plaintiff's preempted federal law claims under § 301 of the Labor Management Relations Act ("LMRA"), or for failure to join an indispensable party. That memorandum opinion and order also deferred a ruling on the plaintiff's demand for a jury trial until more information concerning the relief that the plaintiff sought was obtained throughout the course of these proceedings.

[4]On March 3, 2009, after this Court entered its memorandum opinion and order granting in part and denying in part the Consol defendants' motion to dismiss, the plaintiff filed a document entitled "Response to Memorandum Opinion and Order Granting in Part and Denying in Part Defendants [sic] Consol Energy Inc. Motion to Dismiss and Deferring Ruling on Plaintiff's Request for Jury Demand." Having reviewed the document, this Court finds that the plaintiff responded to this Court's order rather than the Consol defendants' motion. Thus, the plaintiff's response is denied as moot.

[5]The plaintiff filed both a "Response to Defendants [sic] Motion for Summary Judgment," and a "Response to Defendants [sic]

In addition to their reply, the defendants filed a motion to strike plaintiff's response to defendants' memorandum of law in support of their motion for summary judgment. The plaintiff did not file a reply. Also before this Court is the defendants' fully-briefed motion for sanctions and motion in limine to preclude testimony. Finally, the plaintiff filed a document entitled "Motion Requesting Court to Order the Defendants to Testify in the Case" to which the Consol defendants did not respond.

This Court has carefully reviewed the parties' motions and related memoranda, and because the plaintiff is pro se, this Court has liberally construed the plaintiff's pleadings. See Haines v. Kerner, 404 U.S. 519 (1971) (holding pro se complaint to less stringent standards than formal pleadings drafted by lawyers).

---

Memorandum of Law in Support of their Motion for Summary Judgment." On April 30, 2009, after the time to file a response brief expired, the plaintiff filed a document entitled "This is Plaintiff's Combined Motion to Defendants Reply to Response to Motion for Summary Judgment Filed by Defendants." In that motion, the plaintiff responds to the Consol defendants' arguments submitted in their reply brief, and further requests the release of discovery documents. This Court construes the plaintiff's motion as a motion to file a surreply. The local rules do not mention any specific procedures in regards to filing a surreply. Nevertheless, a party should not file a surreply without first obtaining the permission of the court. Thomas v. Branch Banking & Trust Co., 443 F. Supp. 2d 806, 809 n.2 (N.D.W.Va. 2006). The plaintiff in this case did not seek permission of this Court before filing his surreply. However, because the plaintiff is proceeding pro se, this Court will consider the plaintiff's motion, and hereby grants in part and denies in part the motion. To the extent that the plaintiff's motion addresses issues raised in the Consol defendants' motion for summary judgment, the plaintiff's motion for a surreply is granted. Because discovery in this case was completed on March 3, 2009, and the plaintiff did not file for an extension, however, the plaintiff's motion is hereby denied to any extent that it seeks additional discovery requests.

3

After considering the briefs submitted by the parties, and the applicable law, this Court finds, for the reasons that follow, that the Consol defendants' motion for summary judgment is granted, the Consol defendants' motion to strike is denied, the Consol defendants' motion for limine and motion for sanctions is denied, and the plaintiff's motion requesting court to order the defendants to testify in this case is denied.

## II. Facts

In his complaint, the plaintiff states that he is filing a lawsuit against the defendants for "civil rights violation, violation of H.I.P.P.A. [sic], [and] discrimination in discharge." (Pl.'s Compl. at 1, (July 16, 2008)). Specifically, the plaintiff contends that "[a]rbitration wasn't recorded, this resulted in a denial of transcript of hearing, which also resulted in numerous errors in the arbitrators [sic] decision. A lot of his statement were misinterpreted." Id. As relief, the plaintiff is requesting back pay, "monetary award for various reasons including mental and financial distress," his pension, medical expenses, and punitive damages. Id.

## III. Applicable Law

Under Federal Rule of Civil Procedure 56(c), summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir. 1991), cert. denied, 502 U.S. 1095 (1992) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)).

"[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256. The Court must perform a threshold inquiry to determine whether a trial is needed -- whether, in other words, "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. at 250; see also Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.") (citing Stevens v. Howard D. Johnson Co., 181 F.2d 390, 394 (4th Cir. 1950)).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to

5

establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. See Oksanen v. Page Mem'l Hosp., 912 F.2d 73, 78 (4th Cir. 1990), cert. denied, 502 U.S. 1074 (1992). In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

IV. Discussion

A. Motion for Summary Judgment[6]

The Consol defendants make several arguments in support of their motion for summary judgment, particularly that: (1) the

---

[6]The Consol defendants filed a motion to strike plaintiff's response to the defendants' memorandum of law in support of their motion for summary judgment, arguing that the plaintiff's response sets forth unverified allegations that are insufficient to oppose a properly supported motion for summary judgment. Rule 56(e)(2) of the Federal Rules of Civil Procedure states, "When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denial in its own pleading; rather, its response must -- by affidavits or as otherwise provided in this rule -- set out specific facts showing a genuine issue for trial." If, however, the "opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Fed. R. Civ. P. 56(e)(2). The Consol defendants' argument, therefore, that the plaintiff cannot merely rely on unverified allegations to oppose the motion for summary judgment is correct. This does not mean, however, that the plaintiff's response should be stricken. Rather, pursuant to Federal Rule of Civil Procedure 56(e)(2), an insufficient response by a party warrants an entry of summary judgment, if appropriate, against that party. Accordingly, the Consol defendants' motion to strike is denied.

6

plaintiff's discrimination claim must be dismissed for failure to timely exhaust administrative remedies; and (2) the plaintiff's claim of HIPAA[7] violations must be dismissed for failure to state a cognizable claim. This Court will discuss each of the Consol defendants' arguments in turn.

    1. <u>Title VII Discrimination Claim</u>

Title VII of the Civil Rights Act makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). The plaintiff alleges that the defendants discriminated against him on the basis of his race, disability, and retaliation.[8] The Consol defendants assert that the plaintiff's claim under Title VII must be dismissed for failure to exhaust administrative remedies.

"It is axiomatic that a claimant under Title VII must exhaust his administrative remedies by raising his claim before the EEOC." <u>Sloop v. Mem'l Mission Hosp., Inc.</u>, 198 F.3d 147, 148 (4th Cir. 1999) (dismissing plaintiff's Title VII retaliation claim for

---

    [7]The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") provides federal protection for personal health information held by certain covered entities.

    [8]The complaint only asserts a general "civil rights violation." (Pl.'s Compl. at 1 (July 16, 2008)). In his EEOC Charge of Discrimination form, however, the plaintiff lists that the discrimination was based on race, disability, and retaliation.

7

failure to exhaust administrative remedies); see also Love v. Pullman Co., 404 U.S. 522 (1972). In order to exhaust administrative remedies under Title VII in West Virginia, a "deferral" state, a plaintiff must file a complaint with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the alleged unlawful employment practice. Haught v. The Louis Berkman, LLC, 377 F. Supp. 2d 543, 552 (N.D.W.Va. 2005) (citing Mohasco Corp. v. Silver, 447 U.S. 807 (1980)); see also 42 U.S.C. § 2000e-5(e)(1).[9]

In this case, the plaintiff filed a charge with the EEOC on March 16, 2009. In that charge, the plaintiff alleges that the last discriminatory act occurred on March 28, 2008. Applying the 300-day limitation, the plaintiff had until January 21, 2009 to file a complaint with the appropriate agency. Thus, because the plaintiff did not file his charge with the EEOC until almost two months after the limitation expired, the plaintiff's charge is

---

[9] In Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. 618, 621 (2007), the Supreme Court held that the statute of limitations for a Title VII claim begins to run when a "discrete act" occurs. Thus, "[a] new violation does not occur, and a new charging period does not commence, upon the occurrence of subsequent nondiscriminatory acts that entail adverse effects resulting from the past discrimination." Id. at 619. Thereafter, the Lilly Ledbetter Fair Pay Act (Pub.L. No. 111-2, amending 42 U.S.C. § 2000e-5[e]), signed into law on January 29, 2009, abrogated the Ledbetter decision and provided that "an unlawful employment practice occurs, with respect to discrimination in compensation[,]. . . . each time wages, benefits, or other compensation is paid." The amendment retroactively takes effect to May 28, 2007, the date of the Supreme Court's decision in Ledbetter. (S. 181, 111th Cong. § 6 (2009). This decision and subsequent statute do not affect this Court's analysis.

8

time-barred. Accordingly, because exhaustion is a prerequisite to filing a Title VII claim in federal court, and because the plaintiff's charge is time-barred, the plaintiff's Title VII claim must be dismissed. Accordingly there remains no genuine issue of material fact, and summary judgment on this issue is appropriate.

2. <u>HIPAA Violations</u>

The plaintiff alleges that his HIPAA privacy rights were violated when defendant Blevins spoke to physicians without his permission. Through their motion for summary judgment, the Consol defendants argue that the plaintiff's HIPAA claim must be dismissed because the Act does not provide a private right of action.

A thorough review of HIPAA's enforcement provisions reveals no private right of action. <u>Fields v. Charleston Hosp., Inc.</u>, 2006 WL 2371277 (S.D.W.Va. 2006) ("[T]he court's review of HIPAA leads it to the inescapable conclusion that HIPAA does not provide a federal cause of action.") While HIPAA does provide for civil and criminal penalties, the Act also limits enforcement to authorized state agencies or the Secretary of Health and Human Services. <u>See</u> 42 U.S.C. § 300gg-22; <u>O'Donnell v. Blue Cross Blue Shield</u>, 173 F. Supp. 2d 1176, 1180 (D. Wyo. 2001).

Several other courts addressing this issue have routinely found that HIPAA does not provide, either express or implied, a private right of action. <u>See e.g.</u> <u>Acara v. Banks</u>, 470 F.3d 569, 571 (5th Cir. 2006) ("[W]e are not alone in our conclusion that Congress did not intend for private enforcement of HIPAA.");

9

Iannucci v. Mission Hosp., 2008 WL 5220641 (W.D.N.C. 2008) ("There is no private cause of action under HIPAA."); Fields, 2006 WL 2371277 (S.D.W.Va. 2006) (collecting cases).

In this case, the plaintiff attempts to state a private cause of action under HIPAA for the alleged privacy violations of defendant Blevins and the plaintiff's physicians. Because HIPAA does not provide for a private right of action, however, the plaintiff has not stated a cognizable claim. Accordingly, summary judgment on this claim is appropriate.

B. <u>Motion for Sanctions and Motion in Limine to Preclude Testimony</u>

On January 28, 2009, this Court entered an order requiring the plaintiff "to appear at the scheduled videographic deposition on February 4, 2009 at 10:00 a.m. in the offices of Steptoe & Johnson, Chase Tower, Sixth Floor, Clarksburg, West Virginia." (Order at 2 (Jan. 28, 2009)). Pursuant to that order, the plaintiff appeared at the deposition, but refused to testify:

> Q. Do I understand you to say that any questions I ask you today that relate to your case that will be tried in Wheeling, you refuse to answer those questions today?
>
> A. Yes.
>
> Q. So you came here because you were court ordered --
>
> A. To appear.
>
> Q. -- to appear, but you don't understand that you're court ordered to testify?
>
> A. No.
>
> Q. And you will not testify?

> A. I have no comment on anything that I have to testify to in court or that you will have to testify to in court, because I have also - there will be exhibits that I have for you, also. There's exhibits that each and every one of your clients, including you.

(Hines Dep. at 7-8 (Feb. 4, 2009)).

Because the plaintiff refused to testify at the deposition he was court-ordered to attend, the Consol defendants now seek an order both compelling the plaintiff to pay the costs of the deposition and precluding him from testifying at trial or submitting an affidavit in response to the motion for summary judgment.

This Court does not believe that its previous order entered on January 28, 2009, was ambiguous. The order denied the plaintiff's motion for a protective order to prevent the taking of his deposition, and ordered the plaintiff to appear at the scheduled videographic deposition. (Order at 2 (Jan. 28, 2009)). Despite this Court's belief that the order was not ambiguous, however, this Court also understands how the plaintiff might have interpreted the order as only requiring the plaintiff to appear at the scheduled deposition, to which he complied. Accordingly, the Consol defendants' motion for sanctions and motion in limine to preclude testimony is denied.[10]

---

[10] This Court adamantly asserts that its ruling on the Consol defendants' motion for sanctions might be different had the plaintiff been represented by counsel. This Court's decision in this case, therefore, does not provide future litigants leeway to refuse to testify at court-ordered depositions. Rather, if parties find a court order ambiguous, they should seek clarification with the court before proceeding.

C. "Motion Requesting Court Order the Defendants To Testify in the Case"

The plaintiff filed a motion requesting that he be allowed to testify on his own behalf, and that he be allowed to subpoena several witnesses to testify. All discovery in this case, pursuant to the scheduling order, was to be completed by March 3, 2009. The plaintiff has not sought an extension of discovery. Thus, although this Court treats the plaintiff's filings liberally because he is proceeding pro se, this Court must still deny the plaintiff's motion.

D. Proof of Service on Lynn E. Wagner

According to Federal Rule of Civil Procedure 4(m), if service is not made upon the defendants within 120 days of the filing of the complaint and the plaintiff cannot show good cause why such service was not made within that period, the Court shall dismiss the action without prejudice. In cases removed from state court, the plaintiff has 120 days after the date of removal to complete service. Schwarzer, Tashima, & Wagstaffe, Federal Civil Procedure Before Trial 5:264 (The Rutter Group 2008).

This case was removed on July 16, 2008. Accordingly, the 120-day deadline for proof of service has expired. This Court has not received proof of service nor a statement showing good cause for failure to serve process within the 120-day period. Accordingly, the plaintiff is hereby ORDERED to file proof of service or a statement showing good cause why service has not been made upon

12

defendant Lynn E. Wagner on or before **May 8, 2009**. Failure to comply with this Court's order may result in the entry of an order dismissing this action.

V. Conclusion

For the reasons stated above, the plaintiff's response to memorandum opinion and order granting in part and denying in part defendants [sic] Consol Energy Inc. motion to dismiss and deferring ruling on plaintiff's request for jury demand is DENIED AS MOOT; the defendants' motion for summary judgment is hereby GRANTED; the defendants' motion to strike plaintiff's response to defendants' memorandum of law in support of their motion for summary judgment is DENIED; the defendants' motion for sanctions and motion in limine to preclude testimony is DENIED; the plaintiff's combined motion to defendants [sic] reply to response to motion for summary judgment filed by defendants, which this Court construes as a motion to file a surreply, is GRANTED IN PART and DENIED IN PART; and the plaintiff's motion requesting court to order the defendants to testify in the case is DENIED. Furthermore, the plaintiff is ORDERED to file proof of service or a statement showing good cause why service has not been made on Lynn E. Wagner on or before **May 8, 2009**.

Moreover, this Court notes that the pretrial conference in this matter is scheduled for May 11, 2009 at 9:15 a.m. at Wheeling, West Virginia. In light of this Court's rulings, this Court finds that it would be beneficial to convert the pretrial conference to

a status conference.  Accordingly, it is ORDERED that the plaintiff appear for a status conference on **May 11, 2009 at 9:15 a.m.** in the chambers of Judge Frederick P. Stamp, Jr., Federal Building, Twelfth and Chapline Streets, Wheeling, West Virginia 26003.  At the conference, the plaintiff shall be prepared to discuss the issue regarding proof of service on defendant Lynn E. Wagner.

This Court will permit the plaintiff who is proceeding pro se to participate in the conference by telephone if he desires.  However, the plaintiff shall advise the Court at least three working days prior to the conference of his intention to participate by telephone and shall initiate a timely telephone call to the Court at 304/233-1120 at the time of the scheduled conference.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein.

DATED:     May 1, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE