IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


JOE E. HINES,

          Plaintiff,

v.                                        Civil Action No. 1:08CV144
                                                        (STAMP)
NORTHERN WEST VIRGINIA OPERATIONS,
CONSOL ENERGY, INC.,
CONSOLIDATION COAL COMPANY,
LOVERIDGE MINE #22, BRENT McCLAIN,
PAM COFFMAN, HELEN BLEVINS
and LYNN E. WAGNER

          Defendants.


**MEMORANDUM OPINION AND ORDER**
**DISMISSING COMPLAINT WITHOUT PREJUDICE**
**AS TO DEFENDANT LYNN E. WAGNER**


     On May 1, 2009, this Court entered a memorandum opinion and

order granting defendants Consol Energy, Inc., Consolidation Coal

Company, Brent McClain, Pam Coffman, and Helen Blevins' ("Consol

defendants") motion for summary judgment.  Because this Court had

not received proof of service nor a statement showing good cause

for failure to serve process upon defendant Lynn E. Wagner

(defendant "Wagner") within the 120-day period, as required by

Federal Rule of Civil Procedure 4(m), the order also required the

<u>pro se</u>[1] plaintiff to file on or before May 8, 2009, proof of

service or a statement showing good cause why service has not been

made upon defendant Wagner.  The plaintiff did not file any

response to this Court's order.  Also, this Court scheduled a

_____

     [1]"<u>Pro se</u>" describes a person who represents himself in a court
proceeding without the assistance of a lawyer.  <u>Black's Law</u>
<u>Dictionary</u> 1237 (7th ed. 1999).

status conference to provide the plaintiff the opportunity to discuss the issue regarding proof of service on defendant Wagner.

Thereafter, on May 11, 2009, this Court held a status conference. At that conference, the plaintiff stated that he did not attempt to effect service of process on defendant Wagner at any time during these proceedings. Rather, the plaintiff advised this Court that he only wrote a letter to defendant Wagner concerning this civil action, to which the defendant did not respond.

Because the plaintiff is <u>pro se</u>, this Court has liberally construed the plaintiff's pleadings. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519 (1971) (holding <u>pro se</u> complaint to less stringent standards than formal pleadings drafted by lawyers). Nevertheless, for the reasons that follow, this Court must dismiss defendant Wagner as a defendant in this action.

The requirements for service of process are set forth in Federal Rule of Civil Procedure 4(c)(1), which provides that a plaintiff is responsible for serving a summons, together with a copy of the complaint, within the time allowed under Rule 4(m). Fed. R. Civ. P. 4(c)(1). Rule 4(m), in turn, prescribes a 120-day period after the filing of the complaint during which a plaintiff must effect service. Fed. R. Civ. P. 4(m). In cases removed from state court, the plaintiff has 120 days after the date of removal to complete service. Schwarzer, Tashima, & Wagstaffe, <u>Federal Civil Procedure Before Trial</u> 5:264 (The Rutter Group 2008).

Rule 4(m), however, also states that a court must extend the time for service where a plaintiff who has failed to effect service within the prescribed 120-day period after the filing of the complaint shows good cause for such failure. _Id._ An extension of time may also be granted under Rule 6(b) of the Federal Rules of Civil Procedure upon a showing of excusable neglect where a plaintiff's motion for an enlargement of time to effect service is made after the 120-day period has passed. Fed. R. Civ. P. 4(m).

In determining whether to dismiss for insufficient service of process, courts apply the same test for "good cause" under Rule 4(m) and for "excusable neglect" under Rule 6(b)(2). MCI Telecommunications Corp. v. Teleconcepts, Inc., 71 F.3d 1086, 1097 (3d Cir. 1995). To avoid dismissal under either rule, a plaintiff must show good faith and some reasonable basis for the failure to effect service during the time specified in the rules. Nanyonga v. I.N.S., 200 F.R.D. 503, 506 (M.D. Pa. 2001). A court may find such a showing where the plaintiff has attempted but not completed service, where the plaintiff was confused about the requirements of service, or where circumstances beyond the plaintiff's control prevented service. Mateo v. M/S KISO, 805 F. Supp. 792, 795 (N.D. Cal. 1992).

A number of factors are relevant to determining whether good cause (or excusable neglect) exists to extend the time for service. These factors include, for example, whether a reasonable effort to effect service has been made (Television Signal Corp. v. City &

County of San Francisco, 193 F.R.D. 644, 646 (N.D. Cal. 2000) ("Television Signal Corp.")); whether the delay will prejudice a defendant; (Feingold v. Hankin, 269 F. Supp. 2d 268, 276 (S.D.N.Y. 2003)); and whether the plaintiff has filed a Rule 6(b) motion for an extension of time to effect service of process (Television Signal Corp. at 646).

Also relevant to the determination is whether the plaintiff is proceeding pro se. Although a plaintiff's pro se status does not, standing alone, excuse untimely service, (see Hammad v. Tate Access Floors, Inc., 31 F. Supp. 2d 524 (D. Md. 1999)), pro se litigants are accorded more leeway than are those represented by attorneys to correct defects in service of process. Moore v. Agency for Int'l Dev., 994 F. 2d 874, 876 (1993).

In this case, because the plaintiff does not appear to have made any attempt to effect service upon defendant Wagner and because he has presented no facts or arguments which justify his failure to serve defendant Wagner within the applicable time frame, this Court finds that the plaintiff has failed to demonstrate good cause or a reasonable basis for his continued failure to effect service of process. Accordingly, it is ORDERED that defendant Wagner be DISMISSED WITHOUT PREJUDICE as a defendant in this action.[2] It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

---

[2]"Without prejudice" means "[w]ithout loss of any rights; in a way that does not harm or cancel the legal rights or privileges of a party." Black's Law Dictionary 1237 (8th ed. 2004).

4

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: May 12, 2009

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE